IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVIS NASH, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 09-342-RGA |
| MICHAEL ASTRUE,<br>Commissioner of Social Security<br>Administration, | : | |
| Defendant. | : | |

**MEMORANDUM**

Before the Court is a Report and Recommendation of the Magistrate Judge on a dispositive matter, that is, summary judgment motions. The Court therefore conducts a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the recommendations of the Magistrate Judge; receive further evidence; or return the matter to the Magistrate Judge with instructions. *Id.*

The Magistrate Judge issued the Report and Recommendation on August 7, 2012. (D.I. 20). The Plaintiff filed objections on August 24, 2012. (D.I. 21). The Defendant, who was not required to file a response, has done so. (D.I. 22).

The ALJ found that the claimant was disabled during the period from December 17, 2002 through January 1, 2006. That finding is not at issue. The ALJ further found that the claimant "medically improved" as of January 2, 2006. As a result of the medical improvement, the claimant had the residual functional capacity to do various kinds of "sedentary exertional" work,

including the jobs of security guard, assembler, and inspector.

The claimant argues that: (1) there is not substantial evidence to support the conclusion that the claimant medically improved; (2) it was not harmless error for the ALJ to disregard regulations that required the ALJ to ask one of the claimant's treating doctors to perform a supplemental exam; and (3) the ALJ did not accord the treating doctor's opinion the proper weight.

As to the second argument, the ALJ did not comply with 20 C.F.R. § 404.1519h. Had she done so, she would have either had claimant's treating doctor perform the consultative exam, or explained why she was not doing so.[1] The Commissioner argued that this was a harmless error. *See Fink v. Barnhart*, 123 F. App'x 146 (5th Cir. 2005). The Magistrate Judge agreed that this was so, while recognizing that there was no controlling Third Circuit precedent on this particular point.[2] While I can agree as a general proposition that, "[p]rocedural perfection in administrative proceedings is not required," (D.I. 20, p.27), the decision not to ask the treating physician was likely an outcome-determinative choice. The ALJ ultimately preferred the opinion of the consultant doctor (Dr. Y. Kim) to that of the treating doctor (Dr. D. Kim) in large part because the consultant doctor had examined the claimant in 2006, and the treating doctor had not examined the claimant in 2006. It seems likely that if the treating doctor had been asked to conduct the consultative exam, he would have come to the same conclusion that he did without

---

[1] As the Commissioner notes, the ALJ could have had chosen not ask a treating physician to do the consultative examination for more than one legitimate reason. If the ALJ had one or more such reasons, the Court expects the Commissioner could comply with the remand by articulating it or them.

[2] On the general point, the Third Circuit has recognized in the disability review context that harmless error is not grounds for remand. *See Schmidt v. Commissioner*, 465 F. App'x 193, 199 (3d Cir. 2012).

performing the exam, and that his opinion would have been accepted based on the combination of a treatment history and a recent exam. I cannot conclude under these particular circumstances that non-compliance with the regulation was harmless.[3]

As to the first and third arguments, which are logically related, it was the province of the ALJ to decide how to weigh conflicting medical evidence. The consultant doctor had actually performed a physical exam. It may have been brief, but it was an exam. It provided a basis to give more credit to the consultant doctor's opinion than had the consultant doctor merely reviewed medical records. The ALJ explained why she gave more weight to the consultant doctor's opinion than to the treating doctor's opinion. Thus, I do not see any reason to hold that there was a lack of substantial evidence for the ALJ's opinion that the claimant had medically improved.

While not raised in the objections, there is one other issue that has drawn my attention. The hearing in this case was held on February 13, 2006. At the end of it, the ALJ stated that the record would remain open for two weeks for two purposes – a statement from the claimant's daughter and a "closing remark from counsel." (D.I. 7, Tr. 826-27). Thereafter, though, it was open sufficiently to allow for the consultative exam (D.I. 7, Tr. 733-39) and the treating doctor's rebuttal letter. (*Id.* at 740). This becomes relevant because the ALJ faulted the claimant for not providing any treatment records after the claimant's last visit to her doctor in January 2006. (D.I. 7, Tr. 27). In other words, it appears that the claimant's application might have been prejudiced because she did not provide treatment records post-dating the hearing, when the record appears to be "unclear" as to "when the record closed." (D.I. 20, p.23). The claimant has subsequently

---

[3] The Commissioner notes that the regulation has recently been revised. (D.I. 22, p. 9). It is not clear that the fact of revision is relevant to any pending issue.

proffered some of those records, but not until after the ALJ's decision. The claimant then had to show "good cause" for not submitting them earlier. It is not clear to me that claimant had fair notice that she was expected to keep on submitting treatment records after the hearing in February 2006.

Thus, I accept all of the Magistrate Judge's lengthy and thorough Report and Recommendation except for the conclusion about harmless error. The Plaintiff's Motion for Summary Judgment (D.I. 14) will be granted, and the matter remanded for further consideration in light of this opinion. The Defendant's Cross-Motion for Summary Judgment (D.I. 17) will be denied.

A separate order will be entered.

/s/ Richard G. Andrews
United States District Judge

September 12, 2012
Wilmington, Delaware